Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
### for the
Western District of North Carolina

Charlotte Division

FILED
CHARLOTTE, NC

FEB 0 6 2026

US DISTRICT COURT
WESTERN DISTRICT OF NC

JOVAN MARQUELL MCLAUGHLIN

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

City of Charlotte; Officer Jaquais White; Officer Samuel Hatoff; Mecklenburg County; Charlotte-Mecklenburg Police Department; Sheriff Garry McFadden, etc.

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 3:26-CV-101-MOC
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☑ Yes ☐ No

## COMPLAINT FOR A CIVIL CASE

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | JOVAN MARQUELL MCLAUGHLIN |
| Street Address | c/o 606 Penwood Ln |
| City and County | Charlotte, Mecklenburg |
| State and Zip Code | North Carolina, 28215 |
| Telephone Number | (980)286-4368 |
| E-mail Address | ideedrecovery@gmail.com |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 2

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 3

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Case 3:26-cv-00101-MOC-UMJ    Document 1    Filed 02/06/26    Page 2 of 9    Page 2 of 5

## II.      Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(check all that apply)*

☑ Federal question                           ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.      If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

### B.      If the Basis for Jurisdiction Is Diversity of Citizenship

1.      The Plaintiff(s)

a.      If the plaintiff is an individual

The plaintiff, *(name)* _____ , is a citizen of the State of *(name)* _____ .

b.      If the plaintiff is a corporation

The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ , and has its principal place of business in the State of *(name)*

_____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.      The Defendant(s)

a.      If the defendant is an individual

The defendant, *(name)* _____ , is a citizen of the State of *(name)* _____ . Or is a citizen of *(foreign nation)* _____ .

b.    If the defendant is a corporation

The defendant, *(name)* _____ , is incorporated under

the laws of the State of *(name)* _____ , and has its

principal place of business in the State of *(name)* _____ .

Or is incorporated under the laws of *(foreign nation)* _____ ,

and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.
"See attached Complaint and incorporated exhibits, consisting of 4 pages."

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 02/05/2026

Signature of Plaintiff _____, Pro Se

Printed Name of Plaintiff Jovan Marquell McLaughlin, Pro Se

### B. For Attorneys

Date of signing: _____

Signature of Attorney _____

Printed Name of Attorney _____

Bar Number _____

Name of Law Firm _____

Street Address _____

State and Zip Code _____

Telephone Number _____

E-mail Address _____

Print    Save As...    Add Attachment    Reset

# UNITED STATES DISTRICT COURT WESTERN DISTRICT OF NORTH CAROLINA CHARLOTTE DIVISION

"This Complaint is filed as an attachment to the Civil Cover Sheet/Civil Complaint Form and is incorporated herein by reference."

JOVAN MARQUELL McLAUGHLIN, Plaintiff, Pro Se,

v.

CITY OF CHARLOTTE;
OFFICER JAQUAIS WHITE (#7469), in his individual and official capacities; OFFICER SAMUEL HATOFF (#7734), in his individual and official capacities; MECKLENBURG COUNTY;
GARRY McFADDEN, Sheriff of Mecklenburg County, in his official capacity, Defendants.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
JURY TRIAL DEMANDED

## I. JURISDICTION AND VENUE

This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. Venue is proper in this District under 28 U.S.C. § 1391(b).

## II. PARTIES

Plaintiff Jovan Marquell McLaughlin is a resident of North Carolina.
Defendant Officer Jaquais White (#7469) is sued in his individual and official capacities.
Defendant Officer Samuel Hatoff (#7734) is sued in his individual and official capacities.
Defendant City of Charlotte is responsible for CMPD policies, training, and supervision.
Defendant Mecklenburg County operates the Mecklenburg County Jail.
Defendant Garry McFadden, Sheriff, is sued in his official capacity for jail policies and practices.

## III. STATEMENT OF FACTS

On or about December 20, 2025, Plaintiff was stopped by CMPD Officers White and Hatoff. Plaintiff asked whether body-worn cameras were recording; both officers confirmed they were. Plaintiff did not consent to any search or seizure.
Without consent, probable cause, or a valid warrant, officers searched Plaintiff and seized his ID. Plaintiff's ID listed race as White.

The warrant relied upon describing a different individual classified as Black and did not match Plaintiff's identity.

Plaintiff Officers Officers Plaintiff Plaintiff Plaintiff Plaintiff Plaintiff

advised officers of the discrepancy.
detained Plaintiff based on racial appearance and mistaken identity.
applied excessively tight handcuffs causing immediate pain, numbness, and tingling.

complained and showed visible distress; handcuffs were not loosened.
was transported to Mecklenburg County Jail.
was subjected to degrading strip-search procedures and public nudity.
was confined without adequate bedding or medical assessment, causing back pain. was denied timely access to communication and bail.

Plaintiff submitted fingerprints and photographs under coercive conditions to access a telephone. Plaintiff remained incarcerated until December 26, 2025.
Plaintiff continues to suffer nerve damage and back pain.

**Pregnancy, Miscarriage, and Loss of Child**

At the time of Plaintiff's arrest and incarceration, Plaintiff's partner was pregnant with Plaintiff's child. Plaintiff's sudden incarceration caused Plaintiff's partner extreme emotional distress while attempting to secure bail.
Plaintiff's partner was required to run between multiple individuals and locations seeking financial assistance.

Plaintiff's partner experienced severe stress, anxiety, and emotional trauma as a direct result of Plaintiff's continued unlawful detention and inability to secure immediate bail. Shortly thereafter, Plaintiff's partner suffered a miscarriage.
Plaintiff is informed and believes, and therefore alleges, that the extreme stress and stress-related physical effects proximately caused by Defendants' unconstitutional conduct were a substantial contributing factor to the miscarriage and death of Plaintiff's unborn child.

Plaintiff has medical and documentary evidence of his partner's pregnancy, medical visits, and miscarriage.

**IV. CLAIMS FOR RELIEF**

**COUNT I** – Fourth Amendment
(Unlawful Search, Seizure, False Arrest, Excessive Force)

**COUNT II** – Fourteenth Amendment (Equal Protection – Racial Discrimination)

**COUNT III** – Fourteenth Amendment (Unconstitutional Conditions of Confinement)

**COUNT IV** – Municipal Liability (Monell)

Defendants maintained policies, customs, and practices including:

a. Failure to train on warrant verification;
b. Tolerance of racial profiling;
c. Failure to enforce body-camera accountability;d. Jail intake practices causing degrading treatment and delayed bail. These policies were the moving force behind Plaintiff's injuries.

**COUNT V** – Substantive Due Process / Familial Relationship Interference (Loss of Unborn Child – Fourteenth Amendment)

Defendants' unconstitutional conduct foreseeably interfered with Plaintiff's protected familial relationships.
Defendants' actions proximately caused severe emotional distress and contributed to the loss of Plaintiff's unborn child.

## V. DAMAGES

Compensatory damages: $1,750,000
Punitive damages (individual defendants only): $2,000,000

Municipal damages: $1,500,000
Loss of unborn child / severe emotional distress damages: $1,750,000

TOTAL DAMAGES REQUESTED: $7,000,000

## VI. INJUNCTIVE AND EQUITABLE RELIEF
Plaintiff seeks temporary, preliminary, and permanent injunctive relief, including:

a. An order prohibiting Defendants, their agents, and those acting in concert with them from engaging in any harassment, retaliation, intimidation, or unlawful interference with Plaintiff in connection with this matter or Plaintiff's exercise of constitutional rights;

b. An order preserving and requiring production of all body-worn camera footage, dash-camera video, jail intake and hallway surveillance, booking records, dispatch logs, chain-of-custody records, and all related metadata;

c. An order requiring Defendants to implement and enforce constitutionally adequate policies, training, and supervision to prevent unlawful stops, mistaken-identity arrests, racial profiling, excessive force, and unconstitutional jail intake practices;

d. A declaration that Plaintiff's human and constitutional rights are preserved and protected, and that Defendants shall not interfere with Plaintiff's lawful interactions with any governmental entity based on retaliation, harassment, or this litigation.

## VII. Reservation of Rights

Plaintiff expressly reserves **all rights, claims, defenses, and remedies** available under the United States Constitution, federal law, state law, and common law.

Nothing contained in this Complaint, nor any action taken by Plaintiff in connection with this proceeding, shall be construed as a waiver, relinquishment, or abandonment of any right, claim, privilege, immunity, or remedy, whether known or unknown, accrued or unaccrued, legal or equitable, including but not limited to rights preserved under 42 U.S.C. §§ 1983 and 1988, the Fourth, Eighth, and Fourteenth Amendments, and applicable state law.

Plaintiff further reserves the right to amend this Complaint as discovery proceeds and additional facts and defendants become known.

## VIII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment in his favor, damages, declaratory and injunctive relief, compensatory and punitive damages, costs, fees under 42 U.S.C. § 1988, and such further relief as the Court deems just, and a jury trial.

### SWORN DECLARATION (28 U.S.C. § 1746)

I, Jovan Marquell McLaughlin, declare under penalty of perjury that the foregoing is true and correct. Executed on _February 5th_, 2026.

Respectfully submitted,

_Jovan Marquell McLaughlin_
Jovan Marquell McLaughlin
Plaintiff, Pro Se